UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22526-BLOOM

DANIEL MCCORMICK,

    Plaintiff,
v.

INEZ MARTIN, *et. al.*,

    Defendants.
_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS CAUSE** came before the Court on *pro se* Plaintiff, Daniel McCormick's Complaint for Violation of Civil Rights ("Complaint"), ECF No. [1], filed on June 29, 2023.[1] Plaintiff, a convicted a sentenced state prisoner, files suit against four employees and one former inmate at the Dade Correctional Institution ("Dade C.I."). Plaintiff alleges that he was assaulted by a correctional officer and another inmate in two separate incidents and the facility denied him adequate medical care and sought to cover up the incidents. *See generally id*.

Plaintiff is ordered to amend his Complaint in accordance with this Order.

### I. BACKGROUND

Plaintiff files this suit against two correctional officers, Sergeant Inez Martin ("Defendant Sgt. Martin") and Sergeant Bryant[2] (Defendant Sgt. Bryant). *See id*. at 2–3.[3] He also lists as

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

[2] Plaintiff does not provide a first name, shield number, or other identifying information for Defendant Sgt. Bryant.

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Defendants the Warden, Mr. Jose Colon ("Defendant Warden Colon"), and Dr. Frank Papillon ("Defendant Dr. Papillon"), the Chief Medical Officer. *See id.* Finally, he sues Alfred Lee DC # M39613 ("Defendant Inmate Lee"), another inmate who has since been released from prison. *See id*. at 3.[4] All Defendants are sued in their individual and official capacities other than Defendant Inmate Lee. *See id*. at 2–3.

Plaintiff's allegations stem "from two different incidents" that occurred while he was incarcerated at Dade C.I. ECF No. [1] at 23. First, on May 7, 2020, at approximately 5:00 p.m. he alleges that Defendant Sgt. Martin snatched his wheelchair out from under him causing him to fall backwards, resulting in serious injuries. *See id.* at 4–5. Second, he alleges that in November 2020, Defendant Sgt. Martin retaliated against him for grievances that Plaintiff filed against her concerning the first incident. *See id.* at 9. Specifically, he alleges that he was beaten by another inmate, Defendant Inmate Lee, at the direction of Defendant Sgt. Martin. *See id.*

Plaintiff filed grievances concerning the attack, but he alleges that Defendant Sgt. Bryant "internationally and knowingly submitted falsified reports consisting of inaccurate and untruthful information[.]" *Id*. at 12. Specifically, he alleges that Defendant Sgt. Bryant wrote in reports that two inmates were fighting, but intentionally omitted Defendant Inmate Lee's name "to help cover this incident up." *Id*. He further alleges that Defendant Sgt. Bryant omitted witness statements that corroborated Plaintiff's version of events. *See id.*

Plaintiff additionally alleges that he was denied medical care following both incidents despite suffering severe injuries. *See id.* at 13.

---

[4] Plaintiff is unable to provide an address for Defendant Inmate Lee. *See id.*

Case No. 23-cv-22526-BLOOM

**II.     LEGAL STANDARD**

Plaintiff has been granted permission to proceed in forma pauperis ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Under § 1915(e)(2), a case is subject to dismissal if the action is: (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim for relief under § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* (citations omitted). Thus, the allegations in a complaint require more than mere labels and legal conclusions. *See Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott,* 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

In addition, shotgun pleadings are not allowed — even from *pro se* plaintiffs. There are four types of shotgun pleadings that violate Federal Rules of Civil Procedure 8(a), 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing

> each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### III. PLAINTIFF'S CLAIMS FOR RELIEF

**A. Official Capacity Claims**

As discussed, Plaintiff seeks to sue all Defendants — aside from Defendant Inmate Lee — in their individual and official capacities. Regarding the official capacity claims, a suit against a state officer, employee, or agent in his or her official capacity is in actuality "an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S 658, 690 n.55 (1978) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' ")); *see also Faulkner v. Monroe Cnty Sheriff's Dept.*, 523 F. App'x 696, 701 (11th Cir. 2013) ("A suit against a person in their official capacity is treated as a suit against the entity."). Because those Defendants are employed by the Florida Department of Corrections ("FDOC"), the official capacity claims are the equivalent of claims against the FDOC.

"To impose § 1983 liability on [the FDOC], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [FDOC] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."

4

*Garcia v. Leavins*, 2021 WL 3476623, at *4 (N.D. Fla. June 25, 2021), *report and recommendation adopted*, No. 2021 WL 3472797 (N.D. Fla. Aug. 5, 2021) (alterations adopted; citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A government entity, such as the FDOC, may be liable in a section 1983 action "only where the [government entity] itself causes the constitutional violation at issue." *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty.*, *Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005). Thus, in an official capacity suit, plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978); *Graham*, 473 U.S. at 166 ("[I]n an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.").

Plaintiff fails to identify a specific policy or procedure nor does he explain how the policy or procedure caused the violation. This is insufficient. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). To avoid dismissal, Plaintiff must demonstrate that the FDOC had a custom or policy and he must further show that the custom or policy caused his alleged constitutional violations. Plaintiff shall have one opportunity to amend his official capacity claims.[5]

### B. Individual Capacity Claims: Defendant Warden Colon and Defendant Dr. Papillon

For a supervisor to be liable for the misconduct of his subordinates, he must be causally connected to the constitutional violation, such as by implementing an unlawful policy or disregarding multiple prior reports of misconduct. *See, e.g.*, *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020); *Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019); *Fulwood*

---

[5] Plaintiff is also encouraged to consider withdrawing these claims — and other claims identified in this Order that lack legal merit — to focus on his stronger, legally-sufficient claims.

*v. Fed. Bureau of Prisons*, 568 F. App'x 753, 756 (11th Cir. 2014) (per curiam). Plaintiff fails to allege any causal connection between Defendant Warden Colon and Defendant Dr. Papillon and the constitutional violations by Defendant Sgt. Martin and Defendant Sgt. Bryant. Their status as supervisors is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (noting that "supervisory liability" is a misnomer). Plaintiff fails to allege sufficient facts to establish that Defendant Warden Colon and Defendant Dr. Papillon were *personally involved* in the alleged constitutional violations. *See id.* Plaintiff shall have one opportunity to amend his individual capacity claims against those Defendants.

### C. Excessive Force: Defendant Sgt. Martin

It is unclear whether Plaintiff alleges claims of indeliberate indifference and/or excessive force against Defendant Sgt. Martin. *See* ECF No. [1] at 14 (stating that Defendant Sgt. Martin "exercised deliberate indifference by unlawfully using an excessive force toward Plaintiff leading to injury[.]"). To avoid dismissal as a shotgun pleading, Plaintiff must specify what claim or claims are being alleged against each individual Defendant and what facts are provided in support. *See Weiland*, 792 F.3d at 1323.

Although Plaintiff does not clearly name excessive force as a basis for relief against Defendant Sgt. Martin, the Court is required to construe *pro se* pleadings liberally, and the facts alleged — that Defendant Sgt. Martin pulled Plaintiff's wheelchair out from under him resulting in injuries — give rise to a plausible claim for excessive force in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (noting that the "core judicial inquiry" for excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (citations omitted)). Plaintiff has thus minimally stated a claim of excessive force against Defendant Sgt. Martin. However, because the

Court grants Plaintiff leave to amend his entire Complaint, he may also supplement this claim on repload. Plaintiff is reminded that he must allege all claims for relief individually so that Defendant Sgt. Martin is afforded "adequate notice of the claims against [her] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

### D. Conspiracy: Defendant Sgt. Martin and Defendant Inmate Lee

As discussed, Defendant Inmate Lee is a private party. To sue a private party under § 1983, a plaintiff must establish that the private party conspired with state actors to violate the plaintiff's constitutional rights. *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate [his] rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).

Plaintiff alleges that Defendant Sgt. Martin oversaw his dorm and facilitated the attack by placing Defendant Inmate Lee, a non-ADA inmate, into an ADA bed next to Plaintiff. *See* ECF No. [1] at 18. He further alleges that during the attack, Defendant Inmate Lee "stated that this was due to the Plaintiff's complaint against Sgt. Martin." *Id*. at 9. Plaintiff minimally states a claim of section 1983 conspiracy between Defendant Sgt. Martin and Defendant Inmate Lee. Because the Court grants Plaintiff leave to amend his entire Complaint, he may also supplement this claim on repload. Plaintiff must also clarify whether he is requesting that the Court take supplemental jurisdiction over the state tort claim of battery against Defendant Inmate Lee. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

7

**E. Retaliation: Defendant Sgt. Bryant**

Liberally construed, Plaintiff seeks to allege a claim of retaliation against Defendant Sgt. Bryant. Plaintiff alleges that Defendant Sgt. Bryant submitted false statements against him in reports concerning the November 2020 attack. *See* ECF No. [1] at 17. To prevail on a claim of retaliation an "inmate must establish: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). Here, the Complaint lacks facts showing a causal relationship between the retaliatory action (the alleged false statements) and the protected speech (the grievances Plaintiff filed against Defendant Sgt. Martin). Plaintiff shall have one opportunity to amend this claim.[6]

**F. Retaliation: Defendant Sgt. Martin**

Plaintiff fails to clearly identify retaliation as a basis for relief against Defendant Sgt. Martin. However, the facts alleged — that Defendant Sgt. Martin enlisted an inmate to beat Plaintiff in retaliation for his filing grievances against her — minimally states a claim of retaliation. *See Mosley*, 532 F.3d at 1276. Because the Court grants Plaintiff leave to amend his entire Complaint, he may also supplement this claim on replead.

---

[6] If Plaintiff persists in this claim, he should provide additional identifying information — for example, a first name, shield number, or duty station — so that Defendant Sgt. Bryant can be identified for service. *See* Fed. R. Civ. P. 10(a) (requiring that a pleading "name all the parties[.]"); *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992) (concluding that a plaintiff may only sue a fictitious party where he "adequately describe[s] the person to be sued so that the person [can] be identified for service.").

**G. Denial of Medical Care**

To prevail on a claim of deliberate indifference to medical needs, a plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the official acted with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Plaintiff states that "[t]he injuries from these two incidents were never treated and to date no treatment has been given. The Plaintiff has been transferred twice since being at Dade C.I." ECF No. [1] at 13. Plaintiff complains mainly about the denial of medical care at the two new facilities. *See id*. However, all the listed Defendants are from Dade C.I. and have no involvement with Plaintiff's medical care at the other facilities.

Moreover, as discussed, Defendant Dr. Papillon and Defendant Warden Colon cannot be held liable based solely on their status as supervisors. Regarding Defendant Sgt. Martin and Defendant Sgt. Bryant, Plaintiff fails to allege facts to explain how they were *personally involved* in denying him medical care. Plaintiff has offered only vague and conclusory allegations that fail to notify those Defendants of the claims against them. Plaintiff shall have one opportunity to amend.

**IV. CONCLUSION**

For the foregoing reasons, it is **ORDERED** as follows:

1. On or before **August 11, 2023**, Plaintiff shall file an Amended Complaint that cures the abovementioned deficiencies. The Amended Complaint must be signed under the penalty of perjury and must provide a short and plain statement of all claims for relief, a basis for federal jurisdiction, and a demand for judgment.

2. Plaintiff shall file the Amended Complaint on this District's form for section 1983 actions, which he must fill out completely. The Clerk is **DIRECTED** to provide Plaintiff with this District's form for section 1983 actions alongside this Order.

3. The Amended shall be the **sole operative pleading** considered in this case; only the claims alleged therein will be addressed by the Court. Therefore, the Amended Complaint must not refer to the original complaint or incorporate by reference claims raised or arguments made therein. Similarly, the Amended Complaint must not incorporate by reference arguments or text from any other documents, including any exhibits.

4. The Amended Complaint must contain a separate paragraph as to each defendant explaining what the defendant did and the supporting facts to show why that person is being sued.

5. The Amended Complaint must be labeled **"Amended Complaint"** and the case number **23-cv-22526-Bloom** so that it will be filed in this case.

6. Plaintiff must not expand the scope of the case by alleging new unrelated claims, or adding new unrelated defendants, in the Amended Complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

7. The Plaintiff is warned that failure to file the Amended Complaint by **August 11, 2023** and in compliance with this Order will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 12, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 23-cv-22526-BLOOM

Copies to:

Daniel McCormick
185105
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583
PRO SE