UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22526-BLOOM/Torres

DANIEL MCCORMICK,

    Plaintiff,

v.

SERGEANT INEZ MARTIN,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Inez Martin's Motion to Dismiss ("Motion"), ECF No. [17]. In the Motion, Defendant argues that the Court should dismiss the Amended Complaint due to Plaintiff's failure to exhaust his administrative remedies prior to initiating the instant civil rights action.[1] *See generally id.* Plaintiff did not file a response in opposition or request additional time to do so.[2] The Court has reviewed the Amended Complaint, the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

On August 9, 2023, Plaintiff filed an Amended Complaint alleging that Defendant applied

---

[1] Defendant also argues that Plaintiff is barred from seeking punitive damages pursuant to 18 U.S.C. § 3626(a)(1)(A). *See* ECF No. [17] at 17-21. The Court declines to address this argument because the Court concludes that Defendant's Motion should be granted.

[2] Under the Southern District of Florida's Local Rules, an opposing party must file a memorandum opposing a motion no later than fourteen days after service of the motion. *See* S.D. Fla. L. R. 7.1(c)(1). Plaintiff failed to comply with this requirement, thus giving the Court "sufficient cause" to grant the Motion by default. *Id.*; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a *pro se* party must abide by "the relevant law and rules of court"). The Court will nonetheless consider the Motion on the merits.

excessive force to his person in violation of the Eighth Amendment during a search of his personal property for contraband.[3] *See generally* ECF No. [7].

On May 7, 2020, Plaintiff took the first step in the Florida Department of Corrections' ("FDOC") three-step grievance procedure by filing an informal grievance relating to the incident described in the Amended Complaint. *See id.* at 1-2; ECF No. [17-1] at 5; ECF No. [17-2] at 1. On May 15, 2020, the FDOC denied Plaintiff's informal grievance because Sergeant Martin denied the allegations made in the informal grievance. *See* ECF No. [17-1] at 5; ECF No. [17-2] at 1. Plaintiff did not proceed to the next step in the FDOC's grievance procedure or otherwise contest the FDOC's denial of his informal grievance. *See* ECF No. [17-1] at 5; ECF No. [17-5] at 3-5.

On July 21, 2020, Plaintiff reinitiated the FDOC's three-step grievance procedure by filing an admittedly untimely informal grievance based on the same incident. *See* ECF No. [17-1] at 6; ECF No. [17-3] at 1-3. Plaintiff argued that prison administrators should excuse his failure to timely grieve the May 7, 2020, incident because he was placed in administrative protection on May 9, 2020, making it impossible for him to access the forms and legal assistance necessary to file a grievance. *See* ECF No. [17-3] at 1-3. The FDOC returned Plaintiff's informal grievance, finding it to be untimely. *See* ECF No. [17-1] at 7; ECF No. [17-3] at 1. On July 27, 2020, Plaintiff then proceeded to the second step of the FDOC's grievance procedure by filing a formal grievance. In the formal grievance, Plaintiff again argued that his failure to file a timely grievance should be excused for the same reasons he stated in his informal grievance. *See* ECF No. [17-1] at 7; ECF No. [17-3] at 5. The FDOC returned Plaintiff's formal grievance, finding that Plaintiff failed to

---

[3] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

provide a sufficiently valid reason to excuse his failure to file a timely grievance and, in any event, the grievances Plaintiff filed while under administrative protection contradicted his proffered excuses for failing to file a timely grievance. *See* ECF No. [17-1] at 7; ECF No. [17-3] at 4. Plaintiff then proceeded to the third and final step in the FDOC's administrative grievance procedure by filing an appeal on August 17, 2020. *See* ECF No. [17-1] at 7; ECF No. [17-3] at 6. The FDOC returned the appeal without action due to Plaintiff's procedural non-compliance. *See* ECF No. [17-1] at 7; ECF No. [17-3] at 7.

On April 7, 2020—a month before the incident at issue occurred—Plaintiff initiated the FDOC's three-step grievance procedure to receive back surgery and treatment for his chronic pain. *See generally* ECF No. [7]; *see* ECF No. [17-1] at 6; ECF No. [17-4] at 8. The FDOC denied the informal grievance on April 15, 2020, stating that Plaintiff received the back surgery he was requesting and was receiving treatment for his chronic pain. *See* ECF No. [17-1] at 6; ECF No. [17-4] at 8. Plaintiff then filed a formal grievance on May 4, 2020—three days before the incident described in the Amended Complaint occurred. *See generally* ECF No. [7]; *see* ECF No. [17-1] at 6, ECF No. [17-4] at 7. The FDOC denied the formal grievance on May 28, 2020, stating that he was receiving the medical treatment he requested. *See* ECF No. [17-1] at 6; ECF No. [17-4] at 6. Plaintiff filed an appeal on May 29, 2020. *See* ECF No. [17-1] at 6; ECF No. [17-4] at 2. In his appeal, Plaintiff stated that prison officials failed to address his chronic pain and complained of the incident that occurred on May 7, 2020. *See* ECF No. [17-1] at 6; ECF No. [17-4] at 2. The FDOC denied the appeal, stating that Plaintiff could only raise one issue per grievance and that his complaint relating to the May 7, 2020, incident must be made in a separate grievance filed with security. *See* ECF No. [17-4] at 1.

3

II.     **STANDARD OF REVIEW**

   A.     **Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original; quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote call number omitted). These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion to dismiss under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an

action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Courts generally "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). However, there is an exception when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citations omitted). Furthermore, courts may consider "matters of which a court may take judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

### B. Prison Litigation Reform Act ("PLRA") Exhaustion Requirement

Under the PLRA, a prisoner confined in a jail may not bring a § 1983 action until he exhausts available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Johnson v. Meadows*, 418 F.3d 1152, 1155-56 (11th Cir. 2005). Further, the PLRA requires "proper exhaustion," which demands compliance with a prison's deadlines and other procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006).

The PLRA mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Supreme Court has repeatedly reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted).

Failure to exhaust administrative remedies is an affirmative defense under the PLRA and inmates are not required to specially plead exhaustion in their complaints. *See id.* at 216. The

Eleventh Circuit Court of Appeals considers exhaustion of administrative remedies as a matter in abatement and not an adjudication on the merits; therefore, an exhaustion defense "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)) (footnote call number and citation omitted).

"Where exhaustion—like jurisdiction, venue, and service of process—is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Id.* at 1376. (citations and footnote call numbers omitted). The Eleventh Circuit created a two-step process to guide this analysis:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citations omitted).

### III. DISCUSSION

Two issues compel dismissal of the instant action. First, Plaintiff failed to follow the Court's Order. Second, as Defendant argues in its Motion, Plaintiff failed to exhaust his plausibly

alleged excessive force claim through the FDOC's administrative grievance procedure.

### A.     Failure to Follow the Court's Order

The instant action is subject to dismissal because Plaintiff failed to comply with the Court's Order. On November 9, 2023, the Court ordered Plaintiff to file a response to the Motion no later than November 2, 2023. *See* ECF No. [24]. As of the date of this Order, Plaintiff has not filed a response or requested additional time to do so. It is, therefore, within the Court's discretion to dismiss the instant action in its entirety. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (finding courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure"); Fed. R. Civ. P. 41(b). Although the Court declines to do so, this action is nonetheless subject to dismissal on the merits for the reasons discussed below.

### B.     Failure to Exhaust Administrative Remedies

Plaintiff initiated three separate administrative grievance procedures that—at one point or another—mentioned the incident giving rise to the instant civil rights action. Despite referencing that incident, none of those grievance procedures administratively exhausted Plaintiff's plausibly alleged excessive force claim as required by the PLRA.

#### 1.     Step One under *Turner*

When considering whether dismissal for failure to exhaust is appropriate under the first step of *Turner*, a court must construe all the alleged facts in the plaintiff's favor. However, Plaintiff did not file a memorandum in opposition disputing the Motion's contention that Plaintiff failed to exhaust his administrative remedies. Plaintiff, therefore, does not clear step one of *Turner*, providing the Court with sufficient grounds to dismiss as unexhausted the Amended Complaint's plausibly alleged excessive force claim. *See Brown v. Williams*, No. 20-CV-24604, 2021 WL

2414100, at *6 (S.D. Fla. June 14, 2021) ("[A]s to Plaintiff's [retaliation] claim … Plaintiff does not dispute that he failed to exhaust his administrative remedies as to this claim. Therefore, the Court finds that this claim is unexhausted."); *Baker v. Rathel*, No. 23-CV-3, 2023 WL 7496224, at *3 (N.D. Fla. Oct. 5, 2023) ("[Plaintiff] has not responded to Defendants' motion to dismiss. Accordingly, Defendants' factual allegations concerning exhaustion are undisputed."), *report and recommendation adopted*, No. 23-CV-3, 2023 WL 7497491 (N.D. Fla. Nov. 13, 2023); *see also Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) ("[D]istrict courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust.") (citation omitted).

   **2.**  **Step Two under *Turner***

Even if Plaintiff could clear the first step under *Turner*, the factual record in this case shows that Plaintiff failed to exhaust his administrative remedies with regard to his plausibly alleged excessive force claim.

   **a.**  **Grievance Procedure Initiated on May 7, 2020**

As discussed, it is well-settled law that, under the PLRA, a prisoner "may not bring any action[] absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (citations omitted). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take *each* step within the [prison's] administrative process." *Bryant*, 530 F.3d at 1378 (emphasis added; quotation marks omitted). For a Florida prisoner to exhaust his administrative remedies, he must (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the institution's warden, and (3) submit an appeal to the Secretary of the FDOC. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing Fla.

Admin. Code Ann. §§ 33-103.005-103.007); *see also Bock*, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

On May 7, 2020, Plaintiff initiated a grievance procedure by filing an informal grievance that complained of Defendant's allegedly unconstitutional application of force. *See* ECF No. [17-1] at 5; ECF No. [17-2] at 1. The FDOC subsequently denied the informal grievance, and Plaintiff did not pursue the matter further despite receiving notice of the denial. *See* ECF No. [7] at 2 ("On May 7, 2020, [] Plaintiff, filed an informal grievance against [Defendant] pertaining to the attack he received on this day. This grievance was denied[,] stating that [Defendant] denied all the allegations alleged by [] Plaintiff pertaining to this incident."); ECF No. [17-1] at 5; ECF No. [17-5] at 3-5. Because Plaintiff did not proceed to file a formal grievance or an appeal, he did not "take each step within the [FDOC's] administrative [grievance] process[.]" *Bryant*, 530 F.3d at 1378 (quotation marks omitted). The administrative grievance procedure Plaintiff initiated on May 7, 2020 accordingly did not exhaust the Amended Complaint's excessive force claim. *Bryant*, 530 F.3d at 1378 (quotation marks omitted).

### b. Grievance Procedure Initiated on July 21, 2020

As discussed, the procedural rules an inmate must follow to properly exhaust administrative remedies are promulgated by the FDOC and contained in the Florida Administrative Code. *See generally* Fla. Admin. Code Ann. § 33-103. The FDOC's rules establish strict time frames for inmates to file grievances, and "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA." *Meadows*, 418 F.3d at 1154. Under § 33-103.011 of the Florida Administrative Code, informal grievances must be received "within 20 days of when the incident or action being grieved occurred," and formal grievances—including direct formal grievances of a medical nature—must be received "no later than 15 calendar days" from either (1)

9

"[t]he date on which the informal grievance was responded to;" or (2) "[t]he date on which the incident or action being grieved occurred if an informal grievance was not filed[.]" *Id.* at (1)(a)-(b).

Plaintiff failed to abide by these strict deadlines. Plaintiff filed his informal grievance in this administrative grievance procedure on July 21, 2020—seventy-five days after the application of force allegedly occurred. *See generally* ECF No. [7]; *see* ECF No. [17-3] at 1. Since Plaintiff filed the grievance outside the twenty-day window, the informal grievance and the other filings made pursuant to this grievance procedure were not properly filed and, thus, failed to exhaust the Amended Complaint's plausibly alleged excessive force claim. *See Woodford*, 548 U.S. at 88 (holding that "[p]roper exhaustion demands compliance with an agency's deadlines") (footnote call number omitted)).[4]

### c. Grievance Procedure Initiated on April 7, 2020

Plaintiff initiated the April 20, 2020 grievance procedure to address his ongoing need for medical care following back surgery. The first and second steps of the grievance procedure did not reference Defendant's allegedly unconstitutional application of force—nor could they, as both were filed before the alleged incident occurred. *See generally* ECF No. [7]; *see* ECF No. [17-4] at

---

[4] As previously mentioned, Plaintiff argued in his informal grievance filed on July 21, 2020, that his failure to timely file a grievance should be excused because he was under administrative protection from May 9, 2020, to July 2, 2020. *See* ECF No. [17-3] at 1-3; ECF No. [17-7] at 5. Plaintiff claims that during this time, prison authorities denied him access to (1) individuals who witnessed the incident described in the Amended Complaint, (2) the documents and forms necessary to file a grievance, and (3) prison law clerks. *See* ECF No. [17-3] at 1. However, during the period in question, Plaintiff filed three informal grievances, one formal grievance, and one appeal; of those five filings, only one was "returned[.]" ECF No. [17-5] at 3-5. Plaintiff's claim that he was unable to properly file grievances during his time in administrative protection is therefore refuted by the fact that Plaintiff filed grievances during the period when he claims he was unable to do so. *See Kingcade v. Parker*, 949 F. Supp. 2d 1232, 1234 (S.D. Fla. 2013) ("[Plaintiff's] unsupported claim that he attempted to expend his administrative remedies but was denied access to the proper grievance forms by the jail staff is insufficient to defeat Defendants' defense of exhaustion when weighed against the evidence presented by the Defendants." (citing *Bryant*, 530 F.3d at 1376) (citation omitted). Plaintiff thus fails to establish good cause to excuse the untimely nature of his grievances.

4-5. Plaintiff did, however, raise the excessive force issue during his appeal, or the third step of the grievance procedure.

Plaintiff's reference was insufficient to exhaust his plausibly alleged excessive force claim because he did not raise the issue in the first and second steps of the grievance procedure, thus failing to give prison authorities sufficient notice of the issue and an opportunity to resolve it. *See Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019); *cf. Bowden v. Snider*, No. 22-CV-671, 2023 WL 7710658, at *2 (M.D. Fla. Nov. 15, 2023) ("[The prisoner's] grievances gave prison authorities notice of the issues and an opportunity to resolve them."). Further, prison authorities, responding to Plaintiff's May 29, 2020, appeal, explained that Plaintiff improperly raised the excessive force claim because only "one issue [could be addressed] per grievance[.]" ECF No. [17-4] at 1. Therefore, in addition to failing to give prison authorities proper notice of the issue, Plaintiff failed to exhaust the Amended Complaint's excessive force claim when he improperly raised it for the first in his May 29, 2020, appeal. *See Woodford*, 548 U.S. at 88 (holding that "[p]roper exhaustion demands compliance with an agency's … critical procedural rules") (footnote call number omitted)); *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (*per curiam*) ("To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison.").

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Inez Martin's Motion to Dismiss, **ECF No. [17]**, is **GRANTED**.

2. The Amended Complaint, **ECF No. [7]**, is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 1, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Daniel McCormick, *PRO SE*
185105
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, Florida 32583